## MORALES, PETITIONER AND APPELLANT, v. MORALES, CONTESTANT AND APPELLEE.

### APPEAL from the District Court of Humacao in Proceedings for Administration.

#### No. 2919.—Decided July 12, 1923.

APPEAL—BRIEF.—A brief wherein instead of including the statement of facts required by Rule 42 of the Supreme Court the appellant merely refers the court to the statement contained in the brief filed by him in the court below, does not meet the requirements of the said rule.

ID.—ADMINISTRATION—TRANSCRIPT.—This was an appeal from an order refusing to authorize the payment of attorney fees for the account of an administration. *Held:* That the record of the administration proceedings not being a part of the transcript, the Supreme Court is not in a position to decide whether or not the order appealed from was erroneous.

The facts are stated in the opinion.

*Mr. L. Muñoz Morales* for the appellant.

*Messrs. A. Mena* and *A. L. López* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an action for the recovery of certain expenses alleged to have been incurred during the course of an administration.

Manuel Morales Muñoz made a motion in the court below that the administratrix be authorized to pay to the petitioner's attorney the three following items:

For attorney's fees and expenses in the prosecution of proceedings for a declaration of heirship brought by the petitioner (No. 8117) _____ $190.75
For attorney's fees and expenses in the prosecution of administration proceedings brought also by the petitioner (No. 8118) _____ 279.00
For attorney's fees and expenses in appearing before the First District Court of San Juan in civil action No. 513 brought by Jaime Rivas against the unknown heirs of Eduardo Morales Trigo to recover for professional services, 105.00

Objection having been made to the payment of the said expenses, the trial court made an order authorizing the payment

of the third item and refusing to authorize the payment of the other two items on the ground that "the attorney's fees and expenses in the prosecution of the proceedings for declaration of heirship and administration brought by the petitioner are not disbursements that should be charged to the expenses of administration, especially in a case like this in which they were objected to and the final decision was that the petitioner is not an heir of Eduardo Morales Trigo."

The petitioner took the present appeal from that order, but his brief does not comply with the provisions of Rule 42 of this Supreme Court. In the first place, the said brief does not contain a true and concise statement of the facts as they appear in the record, and, in the second place, it does not contain a specific assignment of the errors attributed to the trial court. However, for the purpose of establishing a statement of the facts the appellant refers to the brief filed by him in the trial court, but we do not think this is sufficient compliance with Rule 42 and the practice has been rejected before by this court, as expressed in the case of *Díaz* v. *Cividanes,* 29 P. R. R. 541, as follows:

"The words 'which shall contain a true and concise statement of the case as it appears in the record' have a definite meaning, a result of the experience of courts for a very long time. Essentially, the words mean that it should be unnecessary for the court to go to the record to determine what are the essential facts, but only for the purpose of verifying them or to ascertain disputed points. The appellant is bound to make the outline of his case appear in his brief, so that the court may know from it the disputed questions involved."

In the discussion of the errors by the appellant there is no citation of authority or jurisprudence to support his contention, and although in referring to the second assignment of error section 41 of the Special Legal Proceedings Act is mentioned, no reasoning is given to convince us of its applicability.

Furthermore, there have been brought up to this court only a copy of the motion, a copy of the objections and a copy of the order of the court. There is not before this court any part of the record of the administration proceedings that could place us in a position to inquire into the merits of the case, as did the court below, and the presumption is that its decision is correct.

For the foregoing reasons the order appealed from is

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.